Upon all of the evidence in this proceeding I am of the opinion that the proponent has fairly sustained the burden which is upon him on the issue of testamentary capacity. I accordingly conclude that the propounded document is the last will and testament of the decedent duly executed as provided by the laws of Pennsylvania and of this state, that its execution was not procured by fraud or undue influence, and that the decedent at the time of execution was of sound and disposing mind and memory, free from restraint and capable of executing a will valid to pass real and personal property.

The document will therefore be admitted to probate.

Probate granted.

(90 Misc. Rep. 249)

### In re HORWITZ'S ESTATE.

(Surrogate's Court, New York County. April, 1915.)

EXECUTORS AND ADMINISTRATORS ⟨=⟩102—INVESTMENT OF FUNDS—ACCOUNTING.

An executor, under a will which directs a certain sum to be invested in first mortgages on real estate in a named county, has no authority to invest such funds in purchasing real estate owned by his wife, and where he does so the account of his administratrix will be surcharged with the amount so invested; Laws 1897, c. 417, § 9, providing that, in the absence of special authority in the will, an executor may invest only in certain bonds and municipal obligations and in loans on realty.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 420; Dec. Dig. ⟨=⟩102.]

Bill for an accounting against the administratrix of Julius Horwitz, deceased executor of Joseph Horwitz. On objections to account. Account settled.

Emanuel van Dernoot, of New York City, for petitioner.

Leonard Klein, of New York City, for contestant.

FOWLER, S. This is a compulsory accounting by the administratrix of Julius Horwitz, the deceased executor of Joseph Horwitz. Objections were filed to the account, but upon the hearing all were withdrawn with the exception of two, which have to do with the alleged improper investment of $12,665.43 by the deceased executor.

The will of testator bequeathed to the executor the sum of $25,000 in trust for testator's wife, which sum was directed to be invested in first mortgages on real estate in New York county, and the income therefrom to be paid to the cestui que trust during her life. The remainder over upon her death was to become part of the residuary estate.

The trust created by the will of testator was administered by the executor for the benefit of the testator's wife until her death in February, 1909. After her death the executor distributed to the residuary legatees part of the money due them, the last payment having been made November 19, 1909. In May, 1908, the accounting administratrix conveyed certain premises which she owned to her husband as

executor of Joseph Horwitz, for the nominal consideration of $1. The account discloses that the deceased executor invested in all in these premises the sum of $12,665.43. In the absence of special authority in the will, an executor may invest only in United States or state bonds, in loans on real estate, and in the obligations of a city of New York state issued pursuant to law. Laws of 1897, c. 417, § 9; King v. Talbot, 40 N. Y. 76.

The investment by the executor in the real estate owned by his wife was in violation of the express terms of the will. The accounting administratrix will therefore be surcharged with the sum of $12,665.43 (Matter of Fithian, 44 Hun, 457), and with interest on that sum at the rate paid by savings banks from the 19th of November, 1909.

Settle decree accordingly.

———

(90 Misc. Rep. 216)

### In re HALL'S WILL.

(Surrogate's Court, Clinton County.   April, 1915.)

1. WILLS ⬥⟹309—PROBATE—QUESTIONS INVOLVED.
> Where no objections are filed to the probate of a will, the only question involved is the sufficiency of the proof to establish the will.
>
> [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 735–737; Dec. Dig. ⬥⟹309.]

2. EVIDENCE ⬥⟹334—SUBSCRIBING WITNESSES—PROOF OF DEATH—CERTIFICATES.
> Under Code Civ. Proc. § 953, relative to the admission in evidence of a copy of a record or other judicial proceeding, certificates of the death of each of the subscribing witnesses to a will, certified from the department of health, are competent evidence of the death of the persons named in the certificates, in a proceeding to have the will admitted to probate.
>
> [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 436, 1266–1272; Dec. Dig. ⬥⟹334.]

3. WITNESSES ⬥⟹206—COMPETENCY—CONFIDENTIAL COMMUNICATION—ATTORNEY AND CLIENT.
> In a proceeding instituted in 1915 for the probate of a will, an attorney's testimony that about 1882 decedent and proponent showed the will to him, that decedent declared that it was his will and inquired if it was correctly drawn, and that thereupon the witness drew a similar will for proponent in favor of decedent, was properly admitted on the theory that the communication was not confidential, owing to the fact that two persons other than the attorney were present, and that the present controversy was between one client and the person representing the interest of the other.
>
> [Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 761, 764, 765; Dec. Dig. ⬥⟹206.]

4. WILLS ⬥⟹384—PROBATE—HARMLESS ERROR—ADMISSION OF EVIDENCE.
> The admission of certain evidence to establish the validity of a will offered for probate, if error, was harmless, where proponent's other evidence established a prima facie case for the probate of the will.
>
> [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 855–858; Dec. Dig. ⬥⟹384.]

⬥⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes